[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR COLLATERAL SOURCE HEARING AND PLAINTIFF'S BILL OF COSTS
The plaintiff brought this action seeking damages arising out of injuries allegedly sustained in a motor vehicle accident that occurred on June 29, 1998 in New Haven. After the pleadings were closed and a jury trial had been elected, the case was referred to the mandatory arbitration program pursuant to General Statutes § 52-549u et seq.
The above arbitration was held on March 15, 2002, and the arbitrator issued a decision that was filed on March 28, 2002, with notice sent to all counsel of record on April 8, 2002. The arbitrator awarded $6,583.02 as medical specials plus $15,000 for pain and suffering, for a total award of $21,583.02. When no trial de novo claim had been filed within the twenty day period permitted by statute, judgment was entered effective April 29, 2002. Counsel were not notified that judgment had entered, however, until June 26, 2002.
The defendant has filed a motion for a collateral source hearing, seeking reduction of the economic damages awarded by the arbitrator by the amount paid by collateral sources. The plaintiff has objected, relying on the reasoning in Perez v. Miastowski, 24 Conn.L.Rptr. 314
(1999) (Satter, J.). Under circumstances similar to those in the instant case, Judge Satter ruled that the ten day period following judgment, within which a motion for a collateral source hearing may be filed, runs from the date of judgment, in this case April 29, 2002, and not the date of notification by the court. See Practice Book § 16-35. Because the parties are presumed to know both that if no trial de novo claim has been filed, judgment will automatically enter within twenty days after notification of the arbitrator's decision, and that the ten day period contemplated by Practice Book § 16-35 runs from the date of judgment, there is neither a need for nor a requirement of notification by the court of the date that judgment enters.
In this case, judgment entered on April 29, 2002, and the motion for a CT Page 12356 collateral source hearing, filed on May 21, 2002, was untimely. The motion for a collateral source hearing is therefore denied.
The plaintiff has filed a bill of costs which she seeks to recover from the defendants. In opposition, the defendant cites Nunno v. Wixner,257 Conn. 671, 778 A.2d 145 (2001) in which our Supreme Court held that the plaintiff cannot recover offer of judgment interest on a judgment entered pursuant to a award under the mandatory arbitration program. Based on its reasoning that the offer of judgment statute was enacted to promote fair and reasonable pretrial compromises of litigation by penalizing defendants who did not settle cases prior to trial, the Supreme Court concluded that offer of judgment interest should not be applied to cases that are resolved prior to trial through the arbitration program. This case, however, does not involve offer of judgment interest, but rather costs. Costs are not viewed as punitive, but rather as something to which the prevailing party is entitled by statute following a judgment in its favor. Cases are frequently settled by the filing of an offer of judgment with the understanding that the plaintiff will accept the offer and be entitled to claim costs. Stipulated judgments are frequently placed on the record with the specific proviso either that costs are to be taxed or that they are to be waived. The judgment entered following the conclusion of an arbitration in which no trial de novo demand has been made should be viewed no differently from any other judgment for purposes of taxing costs.
The defendant's objection to the plaintiffs bill of costs is overruled, and the clerk is directed to tax costs in accordance with our statutes.
___________________ Jonathan E. Silbert, Judge CT Page 12357